# COMPOSITE EXHIBIT A



eCaseView

New Search    Help ▾    Home

**CASE NUMBER:** 50-2026-CA-004522-XXXA-MB
**CASE STYLE:** BURCIAGA, JESSICA V KINSALE INSURANCE COMPANY
**ACCESS LEVEL:** D

| | | DIN | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 1 | 4/22/2026 | DIVISION ASSIGNMENT | AG: Circuit Civil Central - AG (Civil) |
| | | 2 | 4/22/2026 | CIVIL COVER SHEET | |
| | | 3 | 4/22/2026 | COMPLAINT | FOR DECLARATORY RELIEF F.B PLTS |
| | | 4 | 4/22/2026 | SUMMONS ISSUED | mila@talentrights.law AS TO KINSALE INSURANCE COMPANY EFILED |
| | | 5 | 4/22/2026 | PAID $411.00 ON RECEIPT 6245984 | $411.00 6245984 Fully Paid |
| | DIN | | Effective Date | Description | Notes |

| | | DIN | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 6 | 4/23/2026 | DCM DESIGNATION TO THE STREAMLINE TRACK WITH NON-JURY TRIAL ORDER | CARYN SIPERSTEIN 04/23/2026 |
| | | 7 | 5/22/2026 | SERVICE RETURNED (NUMBERED) | RETURN OF SERVICE SERVED KINSALE INSURANCE COMPANY - 05/13/2026 |
| | | DIN | Effective Date | Description | Notes |

‹ 1 ›

Showing 1 to 7 of 7 entries

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JESSICA BURCIAGA, ANDRA CHERI,
BRENDA GEIGER, JANET GUZMAN,
JESSICA HINTON, TIFFANY KELLER, LUCY
PINDER, LINA POSADA, CLAUDIA
SAMPEDRO, SANDRA VALENCIA, and                Case No.: _____
IRINA VORONINA,

vs.

                                                     Received

KINSALE INSURANCE COMPANY,

DEFENDANT.                                    MAY 1 3 2026

_____/    Kinsale Insurance Company

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE

    YOU ARE COMMANDED to serve this summons and a copy of the Complaint, on the Defendant:

KINSALE INSURANCE COMPANY
c/o Michael P. Kehoe, President
2025 Staples Mill Rd.
Richmond, VA 23230

    Each defendant is required to serve written defenses to the complaint or petition on plaintiffs' attorney, whose name and address is:

The Casas Law Firm, P.C.
Brickell Bayview Center
80 S.W. 8th Street, Suite 2000
Miami, FL 33130

within 20 days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the written defenses with the clerk of this court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on **APRIL 22**_____, 2026.

Mike Caruso

Clerk of the Court

By:_____

Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiffs/Plaintiffs' Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiffs/Plaintiffs' Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l.assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d.autres obligations juridiques et vous pouvez requerir les services immediats d.un avocat. Si vous ne connaissez pas d.avocat, vous pourriez telephoner a un service de reference d.avocats ou a un bureau d.assistance juridique (figurant a l.annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiffs/Plainitffs' Attorney" (Plaignant ou a son avocet) nomme ci dessous.

This notice is provided pursuant to Administrative Order No. 2.207-1/15

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusvalida que necesita algun acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono numero (561) 355-4380, por lo menos 7 dias antes de la cita fijada para su comparecencia en Ios tribunales, o inmediatamente despues de recibir esta notificacion si el tiempo antes de Ia comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido o de Ia voz, llame al 711."

"Si ou se yon moon ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn Iajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte William Hutchings, Jr., koodonate pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach Ia ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefon Ii se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou paret nan tribinal Ia, oubyen imedyatman apre ou fin resevwa konvokasyon an si le ou gen pou w paret nan tribinal la mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711."

Filing # 246588651 E-Filed 04/22/2026 01:35:36 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JESSICA BURCIAGA, ANDRA CHERI, BRENDA
GEIGER, JANET GUZMAN, JESSICA HINTON,
TIFFANY KELLER, LUCY PINDER, LINA
POSADA, CLAUDIA SAMPEDRO, SANDRA
VALENCIA, and IRINA VORONINA,

Case No.: _____

PLAINTIFFS,

vs.

KINSALE INSURANCE COMPANY,

DEFENDANT.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET

GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA,

CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA (collectively,

"Plaintiffs"), by and through her undersigned counsel, hereby sues Defendant, KINSALE

INSURANCE COMPANY ("Defendant" or "KINSALE"), and state as follows:

### GENERAL ALLEGATIONS

1. This is an action by Plaintiffs for a judgment declaring the parties' respective rights, duties, and obligations under the commercial general liability policy of insurance.

2. Plaintiffs seek judgment declaring that Defendant had a duty to defend and indemnify SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE ("Tipico"), who is an insured under the commercial general liability policy issued by Defendant to Tipico, in relation to claims filed by Plaintiffs against Tipico.

Page 1 of 11

3. Plaintiff JESSICA BURCIAGA ("Burciaga") is, and at all times relevant to this action was, a professional model and resident of Broward County, Florida.

4. Plaintiff ANDRA CHERI ("Cheri") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

5. Plaintiff BRENDA GEIGER ("Geiger") is, and at all times relevant to this action was, a professional model and resident of Onondaga County, New York.

6. Plaintiff JANET GUZMAN ("Guzman") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

7. Plaintiff JESSICA HINTON ("Hinton") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

8. Plaintiff TIFFANY KELLER ("Keller") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

9. Plaintiff LUCY PINDER ("Pinder") is, and at all times relevant to this action was, a professional model and resident of Winchester, England, United Kingdom.

10. Plaintiff LINA POSADA ("Posada") is, and at all times relevant to this action was, a professional model and resident of San Bernardino County, California.

11. Plaintiff CLAUDIA SAMPEDRO ("Sampedro") is, and at all times relevant to this action was, a professional model and resident of Miami-Dade County, Florida.

12. Plaintiff SANDRA VALENCIA ("Valencia") is, and at all times relevant to this action was, a professional model and resident of Medellin, Columbia.

13. Plaintiff IRINA VORONINA ("Voronina") is, and at all times relevant to this action was, a

professional model and resident of Los Angeles County, California.

14. Defendant KINSALE INSURANCE COMPANY is a Virginia corporation with a principal place of business in Henrico County, Virginia.

15. SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE maintained a principal place of business at 770 South Military Trail, Suites G-H, West Palm Beach, Florida 33415.

16. This Court has jurisdiction pursuant to Fla. Stat. § 86.101 and § 48.193(1)(a)(4) as this action seeks declaratory relief as to KINSALE's obligations to Tipico in relation to the action commenced by Plaintiffs and KINSALE contracted to insure Tipico within this state.

17. Venue is proper because a substantial portion of the events giving rise to the claims occurred in West Palm Beach, Florida, which is located in Palm Beach County.

18. On April 23, 2023, Tipico used Burciaga's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Burciaga's image was used to advertise Tipico's "Domingo De Pasion" event, free entry, alcohol specials, a DJ appearance, and hookahs.

19. On January 22, 2023, Tipico used Cheri's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Cheri's image was used to advertise Tipico's "Domingo De Pasion" event, free entry, alcohol specials, a DJ appearance, and hookahs.

20. On September 26, 2020, Tipico used Geiger's image on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image

was used to advertise Tipico's "Gran Reapertura Sabados Internaciolaes" event, free entry, alcohol specials, DJ appearances, and hookahs.

21. On March 13, 2021, Tipico used Geiger's image again on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image was used to advertise Tipico's "Sabados Aventura" event, DJ appearances, and hookahs.

22. On January 20, 2022, Tipico used Geiger's image again on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image was used to advertise Tipico's "Jueves De Rumba" event, alcohol, free entry, alcohol specials, and a DJ appearance.

23. On December 29 and 31, 2020, Tipico used Guzman's image on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Guzman's image was used to advertise Tipico's "Recibiendo 2021" event, free admission, alcohol, DJ appearances, hookahs, and surprises.

24. On January 27, 2022, Tipico used Hinton's image on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Hinton's image was used to advertise Tipico's "Jueves De Rumba" event, free admission, alcohol, and a DJ appearance.

25. On October 12, 2023, Tipico used Keller's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Keller's image was used to advertise Tipico's "Jueves De Deja Vu" event, free admission, alcohol, hookahs, and a DJ appearance.

26. On December 6, 2021, Tipico used Pinder's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Pinder's image was used to advertise Tipico's "Domingo De Matinee" event, Happy Hour, alcohol, and a DJ appearance.

27. On November 4, 2022, Tipico used Posada's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Posada's image was used to advertise Tipico's "Viernes De Locura" event, free admission, and various music.

28. On February 24, 2023, Tipico used Posada's second image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Posada's image was used to advertise Tipico's "Viernes De Aventura" event, free admission, DJ appearances, and various music.

29. On July 8, 2020, Tipico used Sampedro's image on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes Sociales" event, open kitchen, food, free admission, DJ appearances, alcohol, and hookahs.

30. On November 27, 2020, Tipico used Sampedro's image again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes De Jangueo Black Friday Edition" event, free admission, DJ appearances, hookahs, and alcohol.

31. On January 20, 2023, Tipico used Sampedro's image yet again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes De Aventura" event, free admission, DJ

appearances, and various music.

32. On November 27, 2021, Tipico used Sampedro's second and third images on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Sampedro's images were used to advertise Tipico's "Sabados de Aventura" event, DJ appearances, hookahs, and alcohol.

33. On December 10, 2023, Tipico used Sampedro's fourth image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Domingo De Pasion" event, alcohol, hookahs, free admission, and a DJ appearance.

34. On October 24, 2020, Tipico used Valencia's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Adventure Saturdays" event, free admission, food, alcohol, hookahs, and a DJ appearance.

35. On November 21, 2020, Tipico used Valencia's image again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Sabados Aventura" event, free admission, food, alcohol, hookahs, and DJ appearances.

36. On December 10, 2021, Defendant used Valencia's image for the third and fourth time on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Viernes de Jangueo" event, free admission, alcohol, hookahs, various music, and DJ appearances.

37. On April 24, 2021, Tipico used Voronina's image on its Instagram and Facebook pages to

promote and market Tipico and to invite the public to visit its night club. Voronina's image was used to advertise Tipico's "Sabados Aventura" event, DJ appearances, and various music.

38. At all times material hereto, Tipico maintained general liability insurance through KINSALE, Policy Number 0100197733-0 (policy period 07/01/2022 - 07/01/2023).

39. On May 20, 2024, Plaintiffs sued Tipico in the 15th Judicial Circuit Court, in and for Palm Beach County, Florida in the lawsuit styled *Jessica Burciaga, et al v. South Florida Sara Corporation,* Case No. 50-2024-CA-004690 ("underlying action".) A copy of the Complaint is attached hereto as *Exhibit "A"* and incorporated herein by reference.

40. On August 20, 2024, Plaintiffs sent a letter to KINSALE requesting that they undertake the defense of the underlying action under the terms of their insurance policy.

41. On September 20, 2024, Defendant KINSALE responded, denied all coverage, and thus refused to undertake Tipico's defense.

42. Because KINSALE failed and refused to undertake Tipico's defense to the underlying action, Tipico was defaulted in the underlying action and a Final Judgment was entered in Plaintiffs' favor and against Tipico on February 21, 2026. Under the Final Judgment, Plaintiff Burciaga was awarded $40,000 in damages against Tipico, Plaintiff Cheri was awarded $200,000 in damages against Tipico, Plaintiff Geiger was awarded $40,000 in damages against Tipico, Plaintiff Guzman was awarded $160,000 in damages against Tipico, Plaintiff Hinton was awarded $60,000 in damages against Tipico, Plaintiff Keller was awarded $20,000 in damages against Tipico, Plaintiff Pinder was awarded $60,000 in damages against Tipico, Plaintiff Posada was awarded $40,000 in damages against Tipico,

Plaintiff Sampedro was awarded $220,000 in damages against Tipico, Plaintiff Valencia was awarded $40,000 in damages against Tipico, and Plaintiff Voronina was awarded $45,000 in damages against Tipico. Plaintiffs were also awarded $2,904.39 in taxable costs against Tipico. A copy of the Final Judgment is attached hereto as *Exhibit "B"* and incorporated herein by reference.

43. Pursuant to Fla. Stat. § 627.4136(1), a cause of action may be brought against a liability insurer by a person not an insured under the terms of the liability insurance contract after that person first obtains a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

## COUNT I - DECLARATORY RELIEF

44. Plaintiffs hereby adopt, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 43 above.

45. This is an action for declaratory judgment and relief filed for purposes of determining a question of an actual controversy between Plaintiffs and KINSALE under the terms of Tipico' insurance policy.

46. Plaintiffs contend that KINSALE was obligated to provide insurance coverage, defend, and/or indemnify its insured, Tipico, for damages sustained by Plaintiffs as a result of Tipico's use of Plaintiffs' images, likenesses, advertising ideas, and/or identity without authorization for promotional, advertising, and marketing purposes.

47. Plaintiffs contend that KINSALE had an obligation to undertake and defend Tipico in the underlying action, and by its refusal to do so, KINSALE is now bound by the terms of the Final Judgment entered by the Court in the underlying action.

48. Plaintiffs further contend that they are now third-party beneficiaries under the terms of the KINSALE's Policy Number 0100197733-0 (policy period 07/01/2022 - 07/01/2023) and are entitled to enforce Tipico's insurance policy against KINSALE and recover damages awarded to them in the Final Judgment.

49. Plaintiffs contend that Tipico/KINSALE insurance policy provides coverage for the damages sustained by Plaintiffs in the amounts awarded to them in the Final Judgment entered by this Court in the underlying action.

50. The Tipico/KINSALE insurance policy included coverage for COVERAGE B - "Personal and Advertising Injury" among its terms.

51. Pursuant to the terms of the Tipico/KINSALE insurance policy, SECTION V - DEFINITIONS, provide the definition of 14. "Personal and Advertising Injury" which includes, in part, injury arising out of (d) "Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (e) Oral or written publication, in any manner, of material that violates a person's right of privacy; (f) The use of another's advertising idea in your 'advertisement; or (g) Infringing upon another's copyright, trade dress or slogan in your 'advertisement'."

52. Pursuant to the terms of the Tipico/KINSALE insurance policies, the definition of SECTION V - DEFINITIONS 1. "Advertisement" means "a [N]otice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition: a. Notices that are published include material placed on the Internet or on

similar electronic means of communication; and b. Regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement."

53. None of the exclusions or endorsements stated in the Tipico/KINSALE insurance policy precluded Defendant KINSALE from being obligated to provide a defense and coverage in the underlying action.

54. Plaintiffs' allegations in the underlying action related directly to the notices that were broadcast or published to the general public about Tipico's goods, products, and services for the purpose of attracting customers, and the disparagement of, violation of the right of privacy of, and the use of Plaintiffs' advertising idea.

55. Such allegations and others by Plaintiffs triggered Defendant KINSALE's duty to defend and duty to indemnify Tipico.

56. Plaintiffs contend that KINSALE's actions and/or omissions waived its right to control the defense of the underlying action, and as a result, KINSALE is bound by the Final Judgment entered in the underlying action.

57. There is a genuine and material issue of law to be determined, which is that the damages sustained and awarded to Plaintiffs are a covered occurrence under the Tipico/KINSALE insurance policy and whether KINSALE is obligated to satisfy the Final Judgment entered against its insured, Tipico.

**WHEREFORE**, Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA

respectfully request that this Honorable Court enter a judgment determining the following:

(a)    Pursuant to the terms of the KINSALE INSURANCE COMPANY, Policy Number 0100197733-0 (policy period 07/01/2022 - 07/01/2023) with the named insured as Tipico, KINSALE was obligated to defend Tipico for the claims and damages sought in the underlying action;

(b)    Due to KINSALE's denial of coverage, KINSALE waived its right to control the defense of the underlying action and is bound by the Final Judgment entered against Tipico;

(c)    KINSALE is obligated to satisfy the Final Judgment;

(d)    Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA are entitled to recover their attorneys fees and costs from KINSALE INSURANCE COMPANY incurred in this action; and

(e)    Such further and other relief as this Court deems just and proper.

Dated: April 22, 2026.

Respectfully Submitted,

*/s/ Ludmila Khomiak*
**LUDMILA KHOMIAK, ESQ.**
Florida Bar No.: 91757
THE CASAS LAW FIRM, P.C.
80 S.W. 8th Street, Suite 2000
Miami, FL 33130
Telephone #: 786-671-3244
Facsimile #: 786-671-3243
mila@talentrights.law
*Attorney for Plaintiffs*

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JESSICA BURCIAGA, ANDRA CHERI, BRENDA
GEIGER, JANET GUZMAN, JESSICA HINTON,
TIFFANY KELLER, LUCY PINDER, LINA
POSADA, CLAUDIA SAMPEDRO, SANDRA
VALENCIA, and IRINA VORONINA,

                                        Case No._____

        PLAINTIFFS,

   vs.

SOUTH FLORIDA SARA CORPORATION
d/b/a TIPICO LATINO LOUNGE,

        DEFENDANT.

_____/

## **PLAINTIFFS' COMPLAINT FOR DAMAGES**

Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA (collectively, "Plaintiffs" or "Models"), by and through undersigned counsel, and for their Complaint against Defendant, SOUTH FLORIDA SARA CORPORATION doing business as TIPICO LATINO LOUNGE ("Defendant" or "Tipico"), state as follows:

### **INTRODUCTION**

1. Over the course of four (4) years, Defendant pirated various images, likenesses and/or identities of each Plaintiff model for self-serving commercial purposes, to wit: to advertise, promote and market Defendant's business interests on social media accounts owned, operated, hosted, or controlled by Defendant.

2.     Defendant is unapologetic, chronic and habitual infringer.

3.     Defendant did not negotiate or purchase the images.

4.     Defendant did not seek or obtain consent or authority to use any of the Plaintiffs' images for any purpose.

5.     None of the Plaintiffs agreed, nor would any Plaintiff have agreed, to Defendant's use of their images, likenesses and/or identities.

6.     Had each Plaintiff been afforded the opportunity to consider whether to consent and release rights as to the use of any image, each Plaintiff would have promptly and unequivocally declined.

7.     Defendant's conduct is therefore misleading and deceptive by falsely representing that each Plaintiff Model depicted in the misappropriated images is somehow affiliated with Tipico; has contracted to perform at and/or participate in events at Tipico; has been hired to promote, advertise, market or endorse Tipico events and other activities offered at Tipico; and/or that each Plaintiff depicted in the advertisements has attended or will attend each event and has participated in or intends to participate in the activities advertised.

8.     Defendant's conduct is also injurious to each Plaintiff.

9.     Defendant circumvented the typical arms-length negotiation process entirely and pirated the subject images. In doing so, **Defendant has utterly deprived each Plaintiff the right and ability to say "no."**

10.    Defendant have prevented each Plaintiff from engaging in arms-length negotiations regarding the terms and conditions of use of their images, including the term of any release, remuneration per image or use, or the ability to decline the business opportunity

entirely. In short, Defendant deprived each Plaintiff the ability to protect her image, brand and reputation.

11. In the end, Defendant gained an economic windfall by using the images of professional and successful models for their own commercial purposes, luring and enticing patrons worldwide to view the images and visit its night club, without having to compensate Plaintiffs a single penny for such usage.

12. Having operated their business in the entertainment industry, Defendant is well aware of the standard negotiation process over terms of use, conditions of release, licensing issues, and other contractual incidences related to use and exploitation of images for Defendant's commercial benefit.

13. Each Plaintiff seeks, among other relief, Defendant to appropriately compensate each Plaintiff for the conversion and piracy of her image(s), likeness and/or identity.

## PARTIES

### A. Plaintiffs

14. Given the violations harming the models, and the similarity of misconduct from Defendant harming the models, in the interest of judicial economy, Plaintiffs, through counsel, respectfully consolidate all actionable violations *presently known* into this single collective action on behalf of the following.

15. Plaintiff JESSICA BURCIAGA ("Burciaga") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

16. Plaintiff ANDRA CHERI ("Cheri") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

17.     Plaintiff BRENDA GEIGER ("Geiger") is, and at all times relevant to this action was, a professional model and resident of Onondaga County, New York.

18.     Plaintiff JANET GUZMAN ("Guzman") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

19.     Plaintiff JESSICA HINTON ("Hinton") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

20.     Plaintiff TIFFANY KELLER ("Keller") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

21.     Plaintiff LUCY PINDER ("Pinder") is, and at all times relevant to this action was, a professional model and resident of Winchester, England, United Kingdom.

22.     Plaintiff LINA POSADA ("Posada") is, and at all times relevant to this action was, a professional model and resident of San Bernardino County, California.

23.     Plaintiff CLAUDIA SAMPEDRO ("Sampedro") is, and at all times relevant to this action was, a professional model and resident of Miami-Dade County, Florida.

24.     Plaintiff SANDRA VALENCIA ("Valencia") is, and at all times relevant to this action was, a professional model and resident of Medellin, Columbia.

25.     Plaintiff IRINA VORONINA ("Voronina") is, and at all times relevant to this action was, a professional model and resident of Los Angeles County, California.

## B. Defendant

26.     Based on publicly available records, and further upon information and belief, Defendant SOUTH FLORIDA SARA CORPORATION, is a Florida corporation organized and existing under the laws of the State of Florida, with a principal place of business at 770

South Military Trail, Suites G-H, West Palm Beach, Florida 33415.

27. Based on publicly available records, and further upon information and belief, Defendant SOUTH FLORIDA SARA CORPORATION does business as TIPICO LATINO LOUNGE, which is located at 770 South Military Trail, Suites G-H, West Palm Beach, Florida 33415.

28. Based on publicly available records, and further upon information and belief, SOUTH FLORIDA SARA CORPORATION holds, and at all times relevant, has held itself out as a night club that engages in the business of entertaining its patrons with dancing and alcohol.

29. Based on publicly available records, and further upon information and belief, SOUTH FLORIDA SARA CORPORATION owns and/or operates social media accounts with the following URLs: https://www.instagram.com/tipicolatinolounge/ and https://www.facebook.com/tipicolatino/, through which it advertises its business, and frequently and continuously posts imagery to depict events, parties, and performances at Tipico.

## JURISDICTION AND VENUE

30. This is an action for damages and (a) violation of Fla. Stat. § 540.08; (b) common law invasion of privacy misappropriation; (c) common law conversion; and (d) unjust enrichment; and in excess of $50,000.00 exclusive of interest, attorneys' fees and costs.

31. Pursuant to Fla. Stat. §47.021, venue is proper in Palm Beach County as Defendant operates Tipico and does business in West Palm Beach, Palm Beach County, Florida.

## FACTUAL BACKGROUND

### A. Standard and Customary Business Practices in the Modeling Industry Require Arms-Length Negotiations over the Terms and Conditions of Usage and Remuneration for any Modeling Images

32. In the modeling industry, reputation is critical. Being vigilant and proactive about protecting one's reputation is therefore of paramount importance.

33. Each Plaintiff is a professional model who earns a living by promoting her image and likeness to select clients, commercial brands, media and entertainment outlets, as well as relying on her reputation and own brand for modeling, acting, hosting, and other opportunities.

34. Each Plaintiff's career in modeling, acting, and/or private enterprise has value stemming from the goodwill and reputation each has built, all of which is critical to establishing a brand, being selected for jobs and maximizing earnings.

35. Each Plaintiff has worked to establish herself as reliable, reputable, and professional.

36. Each Plaintiff must necessarily be vigilant in protecting her "brand" from harm, taint, or other diminution.

37. Any improper or unauthorized use of an image, likeness or identity could substantially injure the career and career opportunities of each Plaintiff.

38. In the modeling industry, models such as Plaintiffs typically do not have a single employer, but rather work on an independent contractor basis for different agents or entities.

39. Each Plaintiff is a responsible professional in the ordinary course. Each Plaintiff seeks to control the use and dissemination of her image and, thus, actively participates in vetting

and selecting modeling, acting, brand spokesperson, or hosting engagements.

40. Plaintiffs' vetting and selection of a professional engagement involves a multi-tiered assessment, such as, but not limited to the following:

    a. determining whether the individual or entity seeking a license and release of a model's image, likeness or identity is reputable, has reputable products or services, and, through affiliation therewith, would either enhance or harm a model's stature or reputation;

    b. this reputational information is used in negotiating compensation which typically turns on the work a model is hired to do, the time involved, travel and how her image is going to be used – known as "usage" (among other variables);

    c. to protect her reputation and livelihood, Plaintiffs and/or their agents carefully and expressly define the terms and conditions of use;

    d. the entire negotiated deal is reduced to and memorialized in an integrated, written agreement of limited duration (typically 1-3 years) which defines the parties' relationship. The terms and conditions of the agreement typically, unless otherwise expressly delineated, bind and are applicable to only the parties to that agreement.

41. Endorsing, promoting, advertising or marketing the "wrong" product, service or corporate venture, or working in or being affiliated with a disreputable industry can severely impact Plaintiffs' careers by limiting or foreclosing future modeling or brand endorsement opportunities.

42. Conversely, association with high-end companies, products, or magazines can enhance and amplify Plaintiffs' earning potential and career opportunities by making a model

more sought after and desirable.

**B.** **Defendant Misappropriated Each Plaintiff's Image, Likeness and/or Identity Without Authority, for Self-Serving Commercial Gain and Without Offering or Paying Compensation to any Plaintiff**

43.     As set forth below, each Plaintiff's image, likeness and/or identity has been misappropriated by or at the direction of Defendant. Defendant's conduct creates the false and misleading appearance and impression that each Plaintiff either works for Tipico, has appeared and participated or will appear and participate in activities or events at Tipico, and/or has agreed and consented to advertise, promote, market or endorse Defendant's business.

### Plaintiff Jessica Burciaga

44.     Burciaga is a model and a business owner. Burciaga began modeling in 2005 when she submitted a few photos to *Stuff Magazine*. The magazine responded by flying her out to New York, New York for a photo shoot. After Burciaga's first photo shoot, she won *Stuff Magazine's* "Neighborhood Knockout" contest. The prize was $5,000, a 4- page spread in the magazine, and an appearance as a ring girl in EA Sports Fight Night Round 3 video game. Burciaga's popularity rose quickly and she began appearing in various magazines including *Playboy, Maxim, Import Tuner, Modified Mag, Performance Auto & Sound, Show Latina, Lowrider Magazine*, and many others. Burciaga was the *Playboy* "Playmate of the Month" for February 2009 and appeared as herself in several episodes of the reality TV series "The Girls Next Door." Burciaga also operates various business ventures, including a women's online clothing boutique, www.SailorandSaint.com. Burciaga's social media reach has surpassed 1,500,000 followers on Instagram and over 3,200,000

Facebook followers.[1]

45.     In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Burciaga negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

46.     Burciaga's image, likeness, and identity are depicted in at least one (1) advertisement, enclosed as **Exhibit A** to the Complaint, which has been used by Defendant to create the false perception that Burciaga has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

47.     As set forth in **Exhibit A**, on April 23, 2023, Defendant used Burciaga's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Burciaga's image was used to advertise Tipico's "Domingo De Pasion" event, free entry, alcohol specials, a DJ appearance, and hookahs.

48.     The use of Burciaga's image falsely implied that Burciaga represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

49.     The image was used without the consent of Burciaga and was manipulated to give the impression that Burciaga is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

50.     Burciaga has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

---

[1]     The importance and influence derived from social media marketing to consumers in today's market cannot be overstated. Indeed, platforms such as Instagram and Facebook are premier forms of marketing for most companies today and paying influential celebrities with large social media followers such as Plaintiff Burciaga is the modern-day equivalent of buying television ads twenty (20) years ago.

51.   Burciaga has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

52.   Defendant never sought permission or authority to use Burciaga's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

53.   Burciaga never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

54.   Defendant neither offered nor paid any remuneration to Burciaga for the unauthorized use of her image, likeness and/or identity.

55.   Upon information and belief, Defendant's improper use of Burciaga's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Burciaga's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Burciaga.

*Andra Cheri*

56.   Cheri, who goes by a pseudonym Ana Cheri, is a published model with companies such as Monster Energy, K&N Filters, Moskova Underwear, and Ultimate Armwrestling League. She also became a brand ambassador for Shredz. She was featured as a "*Maxim* Instagram Girl of the Week" and was also *Playboy's* "October 2015 Playmate of the Month." Cheri also made appearances in numerous television series, including "Booty Boot Camp," "Nuclear Family," "Playmate Playback," and many more. She is the owner

of Cheri Fit activewear and has over 12,500,000 followers on Instagram.

57. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Cheri negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

58. Cheri's image, likeness, and identity are depicted in at least one (1) advertisement, enclosed as **Exhibit B** to the Complaint, which has been used by Defendant to create the false perception that Cheri has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

59. As set forth in **Exhibit B**, on January 22, 2023, Defendant used Cheri's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Cheri's image was used to advertise Tipico's "Domingo De Pasion" event, free entry, alcohol specials, a DJ appearance, and hookahs.

60. The use of Cheri's image falsely implied that Cheri represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

61. The image was used without the consent of Cheri and was manipulated to give the impression that Cheri is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

62. Cheri has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

63. Cheri has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

64. Defendant never sought permission or authority to use Cheri's image, likeness and/or

identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

65.    Cheri never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

66.    Defendant neither offered nor paid any remuneration to Cheri for the unauthorized use of her image, likeness and/or identity.

67.    Upon information and belief, Defendant's improper use of Cheri's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Cheri's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Cheri.

### Plaintiff Brenda Geiger

68.    Geiger is a professional model and actress who performed with eight-time Grammy nominee rapper Lil Wayne in a music video for two-time Grammy nominee singer Keri Hilson. She is most known for her work in *Glamour Magazine* and her appearance on "The Howard Stern Show" in a "Miss HTV March" contest. Geiger has also appeared in numerous magazines such as *Show, Maxim* and *Raw*, and has modeled for several product campaigns such as Primitive Clothing, where she had her own line of custom skateboard decks.

69.    In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Geiger negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

70.    Geiger's image, likeness, and identity are depicted in at least six (6) advertisements, enclosed as **Exhibit C** to the Complaint, which has been used by Defendant to create the false perception that Geiger has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

71.    As set forth in **Exhibit C**, on September 26, 2020, Defendant used Geiger's image on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image was used to advertise Tipico's "Gran Reapertura Sabados Internaciolaes" event, free entry, alcohol specials, DJ appearances, and hookahs.

72.    As set forth in **Exhibit C**, on March 13, 2021, Defendant used Geiger's image again on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image was used to advertise Tipico's "Sabados Aventura" event, DJ appearances, and hookahs.

73.    As set forth in **Exhibit C**, on January 20, 2022, Defendant used Geiger's image again on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Geiger's image was used to advertise Tipico's "Jueves De Rumba" event, alcohol, free entry, alcohol specials, and a DJ appearance.

74.    The use of Geiger's image falsely implied that Geiger represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

75.    The image was used without the consent of Geiger and was manipulated to give the impression that Geiger is a spokesperson for Tipico, a performer working at Tipico, and/ or that she endorses Tipico.

76.    Geiger has never been employed by Defendant or contracted with Defendant to

participate in events at Tipico.

77. Geiger has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

78. Defendant never sought permission or authority to use Geiger's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

79. Geiger never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

80. Defendant neither offered nor paid any remuneration to Geiger for the unauthorized use of her image, likeness and/or identity.

81. Upon information and belief, Defendant's improper use of Geiger's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Geiger's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Geiger.

### *Plaintiff Janet Guzman*

82. Guzman is a social media star who is widely known for her self-titled Instagram page. She has gained popularity there for her modeling and lifestyle photos, surpassing over 2,000,000 followers. Guzman is also widely known to be Fashion Nova's # 1 featured talent and she promotes the clothes of the Fashion Nova clothing brand on her Instagram. In addition, Guzman has appeared on the Fashion Nova billboard and her TikTok channel become widely popular, with her videos on the platform earning over 5,000,000 likes.

83. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Guzman negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

84. Guzman's image, likeness, and identity are depicted in at least eight (8) advertisements, enclosed as **Exhibit D** to the Complaint, which has been used by Defendant to create the false perception that Guzman has consented or agreed to promote, advertise, market and/ or endorse Tipico, or is an entertainer working at Tipico.

85. As set forth in **Exhibit D**, on December 29 and 31, 2020, Defendant used Guzman's image on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Guzman's image was used to advertise Tipico's "Recibiendo 2021" event, free admission, alcohol, DJ appearances, hookahs, and surprises.

86. The use of Guzman's image falsely implied that Guzman represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

87. The image was used without the consent of Guzman and was manipulated to give the impression that Guzman is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

88. Guzman has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

89. Guzman has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

90. Defendant never sought permission or authority to use Guzman's image, likeness and/or

identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

91.    Guzman never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

92.    Defendant neither offered nor paid any remuneration to Guzman for the unauthorized use of her image, likeness and/or identity.

93.    Upon information and belief, Defendant's improper use of Guzman's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Guzman's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Guzman.

***Plaintiff Jessica Hinton***

94.    Hinton, who goes by a pseudonym Jessa Hinton, was discovered by a talent manager at a wedding at the age of fourteen (14.) By the age of sixteen (16), she locked in three (3) national television commercials and made guest appearances on "Baywatch" and "7th Heaven." Hinton expanded her portfolio to include runway modeling and print campaigns at eighteen (18.) In 2010, Hinton was the face of the Palms Hotel & Casino's ad campaign. She then pursued television personality roles hosting for Victory Poker, and Top Rank Boxing interviewing the likes of Manny Pacquiao and Shane Mosley. In 2011, she was selected as July's "Playmate of the Month" becoming one of the most popular Playmates of that year. Hinton was also the center piece of an ad campaign for

"Milwaukee's Best Beer" in conjunction with Playboy Enterprises. Hinton also attained spokesmodel roles for Affliction Clothing, Enzo, Milano Hair Products, REVIV Wellness Spa, and Protein World. She has ongoing modeling contracts with Rhonda Shear Shapewear, Leg Avenue, and Roma Costume, in addition to hosting a Los Angeles, California television station KTLA. Her images have appeared on billboards, magazines, posters, and multiple forms of electronic media. Hinton has been a featured front cover model gaining attraction for magazines such as *FHM, Kandy, MMA Sports, Guitar World*, and *Muscle & Fitness*. Hinton was also named a Creative Director for MAJR Media and was given part ownership for her role with the company. Hinton has successfully accomplished elite status as a social media celebrity with a combined total of over 4,000,000 followers on Facebook, Instagram, and X.

95.    In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Hinton negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

96.    Hinton's image, likeness, and identity are depicted in at least two (2) advertisements, enclosed as **Exhibit E** to the Complaint, which has been used by Defendant to create the false perception that Hinton has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

97.    As set forth in **Exhibit E**, on January 27, 2022, Defendant used Hinton's image on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Hinton's image was used to advertise Tipico's "Jueves De Rumba" event, free admission, alcohol, and a DJ appearance.

98. The use of Hinton's image falsely implied that Hinton represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

99. The image was used without the consent of Hinton and was manipulated to give the impression that Hinton is a spokesperson for Tipico, a performer working at Tipico, and/ or that she endorses Tipico.

100. Hinton has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

101. Hinton has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

102. Defendant never sought permission or authority to use Hinton's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

103. Hinton never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

104. Defendant neither offered nor paid any remuneration to Hinton for the unauthorized use of her image, likeness and/or identity.

105. Upon information and belief, Defendant's improper use of Hinton's image, likeness and/ or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Hinton's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Hinton.

*Plaintiff Tiffany Keller*

106. Keller is a fashion model, influencer, and world traveler. She has modeled for ten (10) years in seven (7) different countries and has traveled to over twenty-five (25) countries. Keller has been featured in top magazines and on covers of *Marie Claire*, *Maxim*, *Ocean Drive*, *Bazaar*, and *Le Fair*, to name a few. She has walked the runways of New York, London, Sydney, and Miami fashion week. Keller has been featured on billboards for Resorts World Las Vegas, The Galleria Mall Dallas, I Saw It First, Body Glove, Benefit Cosmetics, Target, Crystals Mall Las Vegas, and Windsor. She has worked with many top brands such as Fashion Nova, Oh Polly, Guess, Revolve, Benefit Cosmetics, Tiger Mist, Boohoo, Jeffrey Star Cosmetics, among many more. Some of Keller's hotel partners are Amilla Resort Maldives, Makanda Hotel Costa Rica, The Little Nell Aspen, Delano Miami, NoMad Las Vegas, Navutu Dreams Resort Cambodia, Anantara Phuket, and Five Palms Jumeriah Dubai. Keller has over 600,000 Instagram followers.

107. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Keller negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

108. Keller's image, likeness, and identity are depicted in at least one (1) advertisement, enclosed as **Exhibit F** to the Complaint, which has been used by Defendant to create the false perception that Keller has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

109. As set forth in **Exhibit F**, on October 12, 2023, Defendant used Keller's image on its Instagram page to promote and market Tipico and to invite the public to visit its night

club. Keller's image was used to advertise Tipico's "Jueves De Deja Vu" event, free admission, alcohol, hookahs, and a DJ appearance.

110. The use of Keller's image falsely implied that Keller represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

111. The image was used without the consent of Keller and was manipulated to give the impression that Keller is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

112. Keller has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

113. Keller has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

114. Defendant never sought permission or authority to use Keller's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

115. Keller never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

116. Defendant neither offered nor paid any remuneration to Keller for the unauthorized use of her image, likeness and/or identity.

117. Upon information and belief, Defendant's improper use of Keller's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Keller's images, likeness and identity in their

market activities and business. In doing so, Defendant has further damaged Keller.

### *Plaintiff Lucy Pinder*

118.   Pinder is an English model, actress, host, businesswoman, and one of Great Britain's most famous glamour models. Pinder has been featured in publications such as *FHM*, *Nuts*, *Loaded*, *The Daily Star*, and many others. She has appeared on *FHM's* list of the "100 Sexiest Women in the World" in 2005, 2006, and 2007 and was a guest columnist in *Nuts*, entitled "The Truth About Women." She also appeared on the final edition of *Nuts* magazine as the cover feature. Pinder has collaborated with large national and international advertising campaigns and major brands such as Unilever (Lynx) and Camelot (National Lottery).  Pinder has an established and developing acting career with many television appearances and film credits. She has appeared on shows such as "I'm Famous and Frightened," "Soccer AM," "The Weakest Link," "Nuts Tv" (host), MTV's "TMF" (presenter), "Hotel Babylon," and "Team and Bo!."  Pinder was a contestant on the popular "Celebrity Big Brother" and has performed starring roles in films such as "The Seventeenth Kind," "Age of Kill," and "Warrior Savitri." Pinder works closely with a number of wildlife charities and is involved in fundraising for "Tiger Time," "The David Shepherd Wildlife Foundation" and "International Animal Rescue."  In addition, Pinder has worked with "Help for Heroes" appearing in the "Hots Shots" fundraising calendar, supported "Male Cancer Awareness Campaign" taking part in the "MCAC London Strut" awareness initiative, and visited troops in Afghanistan in 2007. Pinder's own annual calendar was one of the bestselling model calendars which enhanced her status as an elite class of social media influencers with a combined total of over

2,000,000 followers on Facebook, Instagram, and X.

119.   In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Pinder negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

120.   Pinder's image, likeness, and identity are depicted in at least one (1) advertisement, enclosed as **Exhibit G** to the Complaint, which has been used by Defendant to create the false perception that Pinder has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

121.   As set forth in **Exhibit G**, on December 6, 2021, Defendant used Pinder's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Pinder's image was used to advertise Tipico's "Domingo De Matinee" event, Happy Hour, alcohol, and a DJ appearance.

122.   The use of Pinder's image falsely implied that Pinder represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

123.   The image was used without the consent of Pinder and was manipulated to give the impression that Pinder is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

124.   Pinder has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

125.   Pinder has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

126.   Defendant never sought permission or authority to use Pinder's image, likeness and/or

identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

127. Pinder never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

128. Defendant neither offered nor paid any remuneration to Pinder for the unauthorized use of her image, likeness and/or identity.

129. Upon information and belief, Defendant's improper use of Pinder's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Pinder's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Pinder.

### *Plaintiff Lina Posada*

130. Posada is a fashion model and designer. A native of Colombia, Posada is best known as a model for the Besame and Espiral lingerie collections. Posada has also modeled for Paradizia Swimwear, Babalu Swimwear, Irgus Swinwear, Ujeans, as well as many others. She has over 100,000 Instagram followers.

131. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Posada negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

132. Posada's images, likeness, and identity are depicted in at least two (2) advertisements, enclosed as **Exhibit H** to the Complaint, which have been used by Defendant to create the false perception that Posada has consented or agreed to promote, advertise, market

and/or endorse Tipico, or is an entertainer working at Tipico.

133. As set forth in **Exhibit H**, on November 4, 2022, Defendant used Posada's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Posada's image was used to advertise Tipico's "Viernes De Locura" event, free admission, and various music.

134. As set forth in **Exhibit H**, on February 24, 2023, Defendant used Posada's second image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Posada's image was used to advertise Tipico's "Viernes De Aventura" event, free admission, DJ appearances, and various music.

135. The use of Posada's images falsely implied that Posada represents Tipico and that she authorized Tipico to use her images for promotional and marketing purposes.

136. The images were used without the consent of Posada and were manipulated to give the impression that Posada is a spokesperson for Tipico, a performer working at Tipico, and/ or that she endorses Tipico.

137. Posada has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

138. Posada has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

139. Defendant never sought permission or authority to use Posada's images, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

140. Posada never gave permission, or assigned, licensed or otherwise consented to Defendant

using her images, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

141. Defendant neither offered nor paid any remuneration to Posada for the unauthorized use of her images, likeness and/or identity.

142. Upon information and belief, Defendant's improper use of Posada's images, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Posada's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Posada.

### *Plaintiff Claudia Sampedro*

143. Sampedro is a Cuban born model and spokeswoman. Sampedro moved to Miami, Florida when she was six (6) years old and at age sixteen (16), was discovered by Elite Models. Since then, Sampedro has appeared in many catalogues and magazine editorials. She has a number of cover credits for magazines such as *Nine 5 Four*, *Shock*, *Face to Face*, and *Mixed*. Sampedro is a sponsored model for Nutri Sups Nutrition and is also a spokesmodel and contracted model for Bare Ava. Sampedro has three children and is married to a Football Hall of Famer, Julius Peppers. Sampedro is also in the social media influencers top class with over 1,000,000 Instagram followers and a further combined 500,000 fans on Facebook and X.

144. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Sampedro negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

145. Sampedro's images, likeness, and identity are depicted in at least seven (7)

advertisements, enclosed as **Exhibit I** to the Complaint, which have been used by Defendant to create the false perception that Sampedro has consented or agreed to promote, advertise, market and/or endorse Tipico, or is an entertainer working at Tipico.

146. As set forth in **Exhibit I**, on July 8, 2020, Defendant used Sampedro's image on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes Sociales" event, open kitchen, food, free admission, DJ appearances, alcohol, and hookahs.

147. As set forth in **Exhibit I**, on November 27, 2020, Defendant used Sampedro's image again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes De Jangueo Black Friday Edition" event, free admission, DJ appearances, hookahs, and alcohol.

148. As set forth in **Exhibit I**, on January 20, 2023, Defendant used Sampedro's image yet again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Viernes De Aventura" event, free admission, DJ appearances, and various music.

149. As set forth in **Exhibit I**, on November 27, 2021, Defendant used Sampedro's second and third images on its Facebook and Instagram pages to promote and market Tipico and to invite the public to visit its night club. Sampedro's images were used to advertise Tipico's "Sabados de Aventura" event, DJ appearances, hookahs, and alcohol.

150. As set forth in **Exhibit I**, on December 10, 2023, Defendant used Sampedro's fourth image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Sampedro's image was used to advertise Tipico's "Domingo De Pasion"

event, alcohol, hookahs, free admission, and a DJ appearance.

151.  The use of Sampedro's images falsely implied that Sampedro represents Tipico and that she authorized Tipico to use her images for promotional and marketing purposes.

152.  The images were used without the consent of Sampedro and were manipulated to give the impression that Sampedro is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

153.  Sampedro has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

154.  Sampedro has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

155.  Defendant never sought permission or authority to use Sampedro's images, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

156.  Sampedro never gave permission, or assigned, licensed or otherwise consented to Defendant using her images, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

157.  Defendant neither offered nor paid any remuneration to Sampedro for the unauthorized use of her images, likeness and/or identity.

158.  Upon information and belief, Defendant's improper use of Sampedro's images, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Sampedro's images, likeness and identity in their market activities and business. In doing so, Defendant has further

damaged Sampedro.

### *Plaintiff Sandra Valencia*

159. Valencia is a professional model with numerous accomplishments. She is regarded as one of the top models in her home country of Colombia. Valencia has also modeled in Ecuador, Peru, The Dominican Republic, Mexico, and Venezuela. She has worked with clients such as Diesel, Americanino, Leonisa, Chevignon, and Onde de Mar, and is the contract face of Besame Lingerie. She has over 150,000 Instagram followers and over 70,000 X followers.

160. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Valencia negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

161. Valencia's image, likeness, and identity are depicted in at least four (4) advertisements, enclosed as **Exhibit J** to the Complaint, which has been used by Defendant to create the false perception that Valencia has consented or agreed to promote, advertise, market and/ or endorse Tipico, or is an entertainer working at Tipico.

162. As set forth in **Exhibit J**, on October 24, 2020, Defendant used Valencia's image on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Adventure Saturdays" event, free admission, food, alcohol, hookahs, and a DJ appearance.

163. As set forth in **Exhibit J**, on November 21, 2020, Defendant used Valencia's image again on its Instagram page to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Sabados Aventura" event,

free admission, food, alcohol, hookahs, and DJ appearances.

164. As set forth in **Exhibit J**, on December 10, 2021, Defendant used Valencia's image for the third and fourth time on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Valencia's image was used to advertise Tipico's "Viernes de Jangueo" event, free admission, alcohol, hookahs, various music, and DJ appearances.

165. The use of Valencia's image falsely implied that Valencia represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

166. The image was used without the consent of Valencia and was manipulated to give the impression that Valencia is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

167. Valencia has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

168. Valencia has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

169. Defendant never sought permission or authority to use Valencia's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

170. Valencia never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

171. Defendant neither offered nor paid any remuneration to Valencia for the unauthorized use

of her image, likeness and/or identity.

172.    Upon information and belief, Defendant's improper use of Valencia's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Valencia's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Valencia.

### *Plaintiff Irina Voronina*

173.    Voronina is an international model and actress. After becoming *Playboy's* "Miss January 2001," she represented international brands including SKYY Vodka, Miller Lite, Michelob Ultra, Bacardi, and Sisley & Detour, to name a few. She has millions of visual impressions around the globe via the covers and pages of worldwide magazines such as *FHM*, *Maxim*, *Playboy* (in 20 countries), *Max*, *Ocean*, *Shape*, *944*, *Knockout*, *Q*, *People*, *Kandy*, *Rukus*, *Vape*, and *Browz*. In 2008, Voronina was named "St. Pauli Girl" spokesmodel and completed a 12-month PR tour across America. She became the first ever "St. Pauli Girl" to ring the NYSE closing bell representing Constellation Brands. In 2013, Voronina was named *Kandy Magazine*'s "Model of the Year" as a result of her fans downloading the highest number of digital issues that year. Voronina got her first big screen break in *"Reno 911!: Miami."* Her credits also include a series regular role in the fully improvised sitcom "Svetlana" for HD Net, the first ever live action show on Adult Swim Network "Saul of the Mole Men," guest star appearance on Nickelodeon's "iCarly," Comedy Central's "Reno 911!," and feature film parts in "Balls of Fury," "Piranha 3DD," "Laser Team," and "Killing Hasselhoff." She starred in the indie action

flick "Scramble" which she also co-produced. Voronina also tours and performs nationally as a stand-up comedian. She loves connecting with her fans and stays active daily across all social media outlets for her followers on Facebook, Instagram, X, and YouTube. She has more than 5,600,000 social media followers.

174. In all instances of commercial marketing and promotion of her image, likeness, or identity by third parties, Voronina negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

175. Voronina's image, likeness, and identity are depicted in at least two (2) advertisements, enclosed as **Exhibit K** to the Complaint, which has been used by Defendant to create the false perception that Voronina has consented or agreed to promote, advertise, market and/ or endorse Tipico, or is an entertainer working at Tipico.

176. As set forth in **Exhibit K**, on April 24, 2021, Defendant used Voronina's image on its Instagram and Facebook pages to promote and market Tipico and to invite the public to visit its night club. Voronina's image was used to advertise Tipico's "Sabados Aventura" event, DJ appearances, and various music.

177. The use of Voronina's image falsely implied that Voronina represents Tipico and that she authorized Tipico to use her image for promotional and marketing purposes.

178. The image was used without the consent of Voronina and was manipulated to give the impression that Voronina is a spokesperson for Tipico, a performer working at Tipico, and/or that she endorses Tipico.

179. Voronina has never been employed by Defendant or contracted with Defendant to participate in events at Tipico.

180. Voronina has never been hired by Defendant or contracted with Defendant to advertise, promote, market or endorse Tipico.

181. Defendant never sought permission or authority to use Voronina's image, likeness and/or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

182. Voronina never gave permission, or assigned, licensed or otherwise consented to Defendant using her image, likeness or identity to advertise, promote, market or endorse Defendant's business, Tipico, or any Tipico event.

183. Defendant neither offered nor paid any remuneration to Voronina for the unauthorized use of her image, likeness and/or identity.

184. Upon information and belief, Defendant's improper use of Voronina's image, likeness and/or identity described herein permitted, encouraged, or facilitated other persons, firms, and entities to further utilize and misappropriate Voronina's images, likeness and identity in their market activities and business. In doing so, Defendant has further damaged Voronina.

### *Plaintiffs' Causes of Action against both Defendant*

## COUNT I - VIOLATION OF FLA. STAT. § 540.08 – UNAUTHORIZED PUBLICATION OF IMAGE, LIKENESS AND/OR IDENTITY

185. Each Plaintiff has a statutory right of publicity under Section 540.08, Florida Statutes.

186. Section 540.08, Florida Statutes, provides that: "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without

the express written or oral consent to such use."

187. Despite the clear language of Section 540.08, Defendant used each Plaintiff's image(s), likeness and/or identity on their social media outlets, among others, in order to promote, advertise and market Tipico and/or Tipico.

188. Defendant never sought permission nor authority to use Plaintiffs' images, likenesses and/or identities to advertise, promote, market or endorse Tipico and/or Tipico.

189. Neither Plaintiff has ever consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image(s), likeness and/or identity to advertise, promote, market or endorse Tipico and/or Tipico.

190. Defendant intentionally or, at a minimum, recklessly published, printed, displayed, or otherwise publicly disseminated or used each Plaintiff's image(s), likeness and/or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Complaint.

191. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or with reckless disregard to deprive each Plaintiff of a property interest during the entire time period in which the unauthorized use took place.

192. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to each Plaintiff's rights.

193. Alternatively, Defendant acted negligently towards each Plaintiff in using and disseminating, without authority, her image(s), likeness and/or identity on Defendant's social media outlets in order to promote, advertise and market Tipico and/or Tipico.

194. Defendant has also damaged each Plaintiff as a direct and proximate result of its

unauthorized use of each Plaintiff's image(s), likeness and/or identity without compensating either Plaintiff.

**WHEREFORE**, each Plaintiff respectfully requests judgment against Defendant for all remedies available under Fla. Stat. §540.08, including but not limited to, both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## COUNT II - COMMON LAW INVASION OF PRIVACY - MISAPPROPRIATION

195.     Each Plaintiff has a common law right to privacy.

196.     Defendant may not publish, print, display or publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of either one of the Plaintiffs without express written or oral consent to such use.

197.     Defendant published, printed, displayed and/or publicly used each Plaintiff's image(s), likeness and/or identity on its social media outlets, among others, for purposes of trade and/or commercial advertising including, but not limited to, promoting, advertising and marketing Tipico and/or Tipico.

198.     Defendant took these actions without Plaintiffs' permission, consent or authority. In fact, Defendant never sought permission nor authority to use either one of the Plaintiffs' image(s), likeness and/or identity to advertise, promote, market or endorse Tipico and/or Tipico.

199.     No Plaintiff has ever consented to, permitted, assigned, licensed, or otherwise agreed to Defendant's use of her image, likeness and/or identity to advertise, promote, market or endorse Tipico and/or Tipico.

200. Defendant intentionally or, at a minimum, recklessly, published, printed, displayed, or otherwise publicly disseminated or used each Plaintiff's image(s), likeness and/or identity without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes as detailed in this Complaint.

201. Defendant had actual or constructive knowledge of the wrongfulness of its conduct and acted with intent or reckless disregard to deprive each Plaintiff of a property interest during the entire time period in which the unauthorized use took place.

202. At a minimum, Defendant's conduct was so reckless or wanton in care that it constituted a conscious disregard of or indifference to each Plaintiff's rights.

203. Alternatively, Defendant acted negligently towards each Plaintiff in using and disseminating, without authority, her image(s), likeness and/or identity on Defendant's social media outlets in order to promote, advertise and market Tipico and/or Tipico.

204. Defendant has also damaged each Plaintiff as a direct and proximate result of its unauthorized use of each Plaintiff's image(s), likeness and/or identity without compensating Plaintiffs.

**WHEREFORE**, each Plaintiff respectfully requests judgment against Defendant for all remedies available under a claim of misappropriation including, but not limited to, actual damages, costs, interest, and restitution of Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## COUNT III - CONVERSION

205. Each Plaintiff is, and at relevant times was, the exclusive owner of all rights, title, and interest to her image(s), likeness and/or identity unlawfully converted by Defendant for

Defendant's own commercial benefit.

206. Each Plaintiff has, and for all times relevant herein had, an intangible property interest in her image(s), likeness and/or identity unlawfully converted by Defendant for its own commercial benefit.

207. By its acts and conduct alleged above, Defendant have converted each Plaintiff's property rights, including without limitation, each Plaintiff's image(s), likeness and/or identity for Defendant's use and wrongful disposition for financial gain.

208. Each Plaintiff is informed and believes and, on such information, alleges that Defendant has continued to exercise ownership illegally and unlawfully of said property, through it rightfully belongs to Plaintiffs.

209. Each Plaintiff is informed and believes and, on such information, alleges that Defendant has refused to return each Plaintiff's property to her or pay for the deprivation of each Plaintiff's property.

210. As a result, each Plaintiff has suffered compensatory and exemplary damages to be determined according to proof at trial; but each Plaintiff alleges that the same is within the jurisdiction of the Court.

211. Further, each Plaintiff is informed and believes and thereon alleges that in engaging in the conduct described above, Defendant acted with oppression and/or malice. Defendant's conduct has been despicable and taken in conscious disregard of each Plaintiff's rights.

**WHEREFORE**, each Plaintiff respectfully requests this Court to issue a judgment against Defendant and for all remedies available under the common law claim for conversion, including but not limited to actual damages, costs, interest, attorneys' fees, and restitution of

Defendant's unlawful proceeds, including Defendant's profits and other relief deemed just and proper by this Court.

## COUNT IV - UNJUST ENRICHMENT

212. Each Plaintiff has conferred a benefit upon the Defendant by virtue of Defendant's usage of her image(s), likeness and/or identity without compensation.

213. Defendant was aware that each Plaintiff's image(s), likeness and/or identity were valuable.

214. Defendant was aware of the resulting benefit from the usage of each Plaintiff's image(s), likeness and/or identity.

215. Defendant has retained profits and other benefits conferred upon it by using each Plaintiff's image(s), likeness and/or identity to promote and advertise Tipico.

216. It would be inequitable for Defendant to retain the benefits conferred upon it by using each Plaintiff's image(s), likeness and/or identity without paying fair value for the image(s).

**WHEREFORE**, each Plaintiff respectfully requests that the Court issue a judgment against Defendant for damages, including but not limited to actual damages, costs, interest, imposition of a constructive trust, restitution of unlawful proceeds, including Defendant's gross profits and such other and further relief in law or equity as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff individually respectfully prays that this Court grant Judgment to each Plaintiff, respectively, and against Defendant, in an amount to be determined at trial aggregated across all Plaintiffs and as follows:

1.    For damages as provided in Fla. Stat. §540.08;

2.    For general damages according to proof;

3.    For special damages according to proof;

4.    For consequential damages according to proof;

5.    For reasonable attorneys' fees and costs as permitted by law;

6.    For prejudgment interest and royalties at the legal rate;

7.    For such other relief as this Court deems just and proper; and

8.    Plaintiffs reserve the right to amend the pleadings to include punitive damages pursuant to Fla. Stat. §768.72.

9.    Plaintiffs request a jury trial.

Dated: May 20, 2024.

Respectfully submitted,

THE CASAS LAW FIRM, P.C.

By: */s/ Ludmila Khomiak*
Ludmila Khomiak, Esq.
mila@talentrights.law
80 S. W. 8th Street, Suite 2000
Miami, FL 33130
Phone: (786) 671-3244
Fax: (786) 671-3243
*Attorney for Plaintiffs*

# EXHIBIT "A"



 **tipicolatinolounge** · Follow
Los Toros Band · Mi Niña (Bachata Version)

· · ·

 **tipicolatinolounge** DOMINGO DE PASION 🍷
· free admission
· @djjumoflow_official 🎵
· bottle and hookah specials

55w   See original

2 likes

April 23, 2023

Add a comment...

Post

# EXHIBIT "B"



 **tipicolatinolounge** · Follow

Jennifer Lopez, Bad Bunny · Te Guste

· · ·

**tipicolatinolounge** DOMINGO DE PASION 🌹
· entrada gratis
· @djkopa 🎵
· especiales de botellas y hookahs

68w   See translation

♡   ◯   ◁                                                                          ◻

**4 likes**

January 22, 2023

☺  Add a comment...                                              Post

EXHIBIT "C"





    

**Tipico Latino Lounge**
September 26, 2020 · 🌐

Después de esta larga cuarentena ESTA NOCHE @tipicolatinolounge REABRE SUS PUERTAS 🍾 TE ESPERAMOS 🔥
•como siempre tomando la temperatura 🌡
• @djmito @djsupermariodominguez djjosy 🎵
PARA MAS INFO. LLAMAR (561)838-3299
**See less**

❤️ 1                                              33 👁

👍 Like          💬 Comment          ↗ Share



Comments                                    See all

 Write a comment...

   



tipicolatinolounge · Follow
Tipico Latino Lounge

...

tipicolatinolounge After this long quarantine
TONIGHT @tipicolatinolounge REOPENS ITS
DOORS   WE ARE WAITING FOR YOU🔥
· as always taking the temperature 🌡
· @djmito @djsupermariodominguez djjosy 🎵
FOR MORE INFO. CALL (561)838-3299

Edited · 165w   See original

                                     

174 views
September 26, 2020

  Add a comment...                          Post





**Tipico Latino Lounge**
March 13, 2021 · 🌐

SABADOS DE AVENTURA 🥳🎵🎉
· @djmito @djsupermario6 en las mezclas 🎧
· música internacional 🌍🎵
· el ambiente más rico para gozar
**See less**

9 👁

👍 Like          💬 Comment          ↪ Share

**Comments**                                    See all

 Write a comment...

   

https://www.facebook.com/tipicolatino/videos/2984348821800876



tipicolatinolounge · Follow
Tipico Latino Lounge

**···**

tipicolatinolounge ADVENTURE SATURDAYS

· @djmito @djsupermario6 on the mixes
· música internacional
· the richest environment to enjoy

Edited · 157w  **See original**

    

**78 views**
March 13, 2021

 Add a comment...            Post





  

**Tipico Latino Lounge** is at **Tipico Latino Lounge.**

January 20, 2022 · West Palm Beach · 🌐

JUEVES DE CONTRABANDO
• entrada gratis
• @deejaykopa ♫
• botellas Vodka & Ron $80
• cubetazo 6x$25
**See less**

👍 1                    11 👁

👍 Like        💬 Comment        ↗ Share



Comments                          See all

 Write a comment...

   

https://www.facebook.com/tipicolatino/videos/913049669399229



 tipicolatinolounge · Follow
Tipico Latino Lounge



tipicolatinolounge RUMBA THURSDAYS
· free admission
· @deejaykopa 🎵
· Vodka & Rum bottles $80
· cubetazo 6x$25 🍹

Edited · 115w   See original

     

**31 views**
January 20, 2022

   Add a comment...                    Post

# EXHIBIT "D"



tipicolatinolounge · Follow
Tipico Latino Lounge

···

tipicolatinolounge THIS THURSDAY 31st we
will be welcoming in the new year at
@tipicolatinolounge
· FREE admission all night long
· @djmito @djsupermario6 ♪

Edited · 165w   See original

laly_ag

176w   Reply                                      ♡

♡  ○  ◁                                              ⊓

**88 views**
December 29, 2020

☺  Add a comment…                      Post




 

**Tipico Latino Lounge**
December 29, 2020 · 🌐

ESTE JUEVES 31 estaremos recibiendo el año nuevo en @tipicolatinolounge
🎊
• entrada GRATIS toda la noche
• @djmito @djsupermario6 🎵
See less

9 👁

👍 Like        💬 Comment        ↪ Share

Comments                        See all

  Write a comment...

                       



Tipico Latino Lounge (@tipicolatinlounge) • Instagram photos and videos

**tipicolatinolounge** · Follow
Tipico Latino Lounge

· · ·

**tipicolatinolounge** TONIGHT
@tipicolatinolounge cordially invited ah all ah
farewell and welcome the new year
· FREE entry all night
@djmito @djsupermario6 @deejaykopa
·surprises

Edited · 165w   **See original**

**laly_ag** We were there

175w   Reply   See original

   

**63 views**
December 31, 2020

 Add a comment...                Post

   



**Tipico Latino Lounge**
December 31, 2020 · 🌐

ESTA NOCHE @tipicolatinolounge los invitada cordialmente ah todos ah despedir y recibir el año nuevo 🎉🥂2️⃣0️⃣2️⃣1️⃣🎊🍾
· entrada GRATIS toda la noche 🎊
@djmito @djsupermario6 @deejaykopa 🎵
·sorpresas
**See less**

4 👁

👍 Like          ◯ Comment          ↗ Share

Comments                                    See all

 Write a comment...

             





**Tipico Latino Lounge**
December 31, 2020 · 🌐

ESTA NOCHE @tipicolatinolounge los invitada cordialmente ah todos ah despedir y recibir el año nuevo 🍾🎉 2️⃣0️⃣2️⃣1️⃣
• entrada GRATIS toda la noche 🎊
@djmito @djsupermario6 @deejaykopa 🎶
•sorpresas 🎁
**See less**

3 👁

👍 Like      💬 Comment      ↪ Share

---

Comments                              See all

 Write a comment...

               

    



**Tipico Latino Lounge**
December 31, 2020 · 🌐

ESTA NOCHE @tipicolatinolounge los invitada cordialmente ah todos ah despedir y recibir el año nuevo
• entrada GRATIS toda la noche
@djmito @djsupermario6 @deejaykopa 🎵
•sorpresas
**See less**

4 👁

👍 Like      💬 Comment      ↪ Share

---

Comments                              See all

 Write a comment...

    

   





**Tipico Latino Lounge**
December 31, 2020 · 🌐

ESTA NOCHE @tipicolatinolounge los invitada cordialmente ah todos ah despedir y recibir el año nuevo 🎆✨ 2 0 2 1 🎉🎇
• entrada GRATIS toda la noche 🎊
@djmito @djsupermario6 @deejaykopa 🎵
•sorpresas
**See less**

1 👁

👍 Like          ◯ Comment          ↝ Share

Comments                    See all

 Write a comment...

             

  



**Tipico Latino Lounge**
December 31, 2020 · 🌐

ESTA NOCHE @tipicolatinolounge los invitada cordialmente ah todos ah despedir y recibir el año nuevo
• entrada GRATIS toda la noche
@djmito @djsupermario6 @deejaykopa
•sorpresas
**See less**

❤ 1                                    2 👁

👍 Like        💬 Comment        ↪ Share

Comments                                See all

 Write a comment...

   

https://www.facebook.com/tipicolatino/videos/2930630110506081

# EXHIBIT "E"

Tipico Latino Lounge (@tipicolatinolounge) • Instagram photos and videos





**tipicolatinolounge** · Follow   ...
Tipico Latino Lounge

**tipicolatinolounge** RUMBA THURSDAY 🍸
· free admission
· @deejaykopa 🎵
· Vodka & Rum bottles $80
· cubetazo 6x$25 🪣

Edited · 115w   See original

**34 views**
January 27, 2022

Add a comment...   Post





Tipico Latino Lounge **is at**
**Tipico Latino Lounge.**

January 27, 2022 · West Palm Beach · 🌐

JUEVES DE CONTRABANDO

· entrada gratis
· @deejaykopa 🎵
· botellas Vodka & Ron $80
· cubetazo 6x$25 🍺

**See less**

👍 1                                    12 👁

👍 Like          💬 Comment          ↪ Share

**Comments**                          See all

 Write a comment...

             

# EXHIBIT "F"



  

**tipicolatinolounge** · Follow
Original audio

**tipicolatinolounge**  31w
THURSDAY OF DEJA VU
· @djkopa 🎵
· bottle and hookah specials
See original

            

**5 likes**
October 12, 2023

Add a comment...

                                        

EXHIBIT "G"



**tipicolatinolounge** · Follow
Tipico Latino Lounge

**tipicolatinolounge** DOMINGOS DE MATINÉE 🍷

· cubetazo 6x$25 🍾
·bottle of Rum & Vodka $80

· Typical Christmas drink specials 🎄 🍹

· @deejaykopa mixing 🎵

124w   See original

**2 likes**
December 26, 2021

Add a comment...                    Post

# EXHIBIT "H"



 tipicolatinolounge · Follow
El Alfa, Noriel, Trueno · Los Aparatos

tipicolatinolounge FRIDAY MADNESS ☾
· @djkopa @djsupermario6 ♫
· free admission
· bachata, guaracha, cumbia, reggaeton, salsa, dembow...

79w   See original

  

2 likes
November 4, 2022

 Add a comment...                    Post



Tipico Latino Lounge (@tipicolatinolounge) • Instagram photos



tipicolatinolounge · Follow
Bad Bunny, Jhayco · Tarot   ...

tipicolatinolounge VIERNES DE AVENTURA 🍸
· @djkopa @djsupermario6 🎵
· entrada gratis
· bachata, guaracha, cumbia, reggaeton, salsa, dembow...

63w   See translation

1 like
February 24, 2023

Add a comment...                                     Post

# EXHIBIT "I"





**Tipico Latino Lounge**
July 8, 2020 ·

Este Viernes estaremos abiertos tomados las precauciones que SIEMPRE hemos tomado
· tomando la temperatura
· guardando la distancia
· 50% capacidad
· tacos, picadas, chicken wings

4

👍 Like        💬 Comment        ↪ Share



Write a comment...



Tipico Latino Lounge (@tipicolatinolounge) · Instagram photos and videos

tipicolatinolounge · Follow
Tipico Latino Lounge
...

tipicolatinolounge This Friday we will be open taking the precautions we have ALWAYS taken
· taking in the temperature
· watching the distance  guard
· 50% capacity
· tacos, picadas, chicken wings
Edited · 165w   See original

10 likes
July 8, 2020

Add a comment...                                   Post





**tipicolatinolounge** · Follow
Tipico Latino Lounge

· · ·

**tipicolatinolounge** BLACK FRIDAY EDITION 🎃 🎬 VI
· FREE admission all night long
· GIVING away a bottle or bucket to the table with the best atmosphere of the night ✨ 🎉 *Table That More Applauds*
· @djmito @djsupermario6 🎵
· @alexiscruz23985 ✏️
· specials ✨ ♻️ 🍹

Edited · 165w   See original

♡  ◯  ◁                🔖

**8 likes**
November 27, 2020

🙂  Add a comment...          Post



Tipico Latino Lounge (@tipicolatinolounge) • Instagram photo 06/10/2026



**tipicolatinolounge** · Follow · · ·
Alex Bueno · Yo Me Ire

**tipicolatinolounge** VIERNES DE AVENTURA 🍸
· @djkopa @djsupermario6 🎵
· entrada gratis
· bachata, guaracha, cumbia, reggaeton, salsa,
dembow...

68w   See translation

     

**10 likes**
January 20, 2023

 Add a comment...                              Post



https://www.instagram.com/p/CnpSEfvBVLB/

    

 **Tipico Latino Lounge** is at **Tipico Latino Lounge.**

November 27, 2021 · West Palm Beach · 🌐

SABADOS DE AVENTURA 🎤

• animación MC @alexiscruz23985 🎤
• @deejaykopa dj josy @djsupermario6 🎵
• música internacional 🌐
• el ambiente más rico para disfrutar 🔥

**See less**

9 👁

👍 Like    ◯ Comment    ↗ Share



Comments      See all

 Write a comment...

   



tipicolatinolounge · Follow
Tipico Latino Lounge



tipicolatinolounge ADVENTURE SATURDAYS

· animation MC @alexiscruz23985 🎤
· @deejaykopa dj josy @djsupermario6 🎵
· música internacional
· the richest atmosphere to enjoy 🍸

128w   See original

31 views
November 27, 2021

Add a comment...                                    Post



 **tipicolatinolounge** · Follow

Monchy & Alexandra · Hoja En Blanco (En Vivo)

...

 **tipicolatinolounge** DOMINGO DE PASION
· free admission
· @djsupermario6 🎵

22w  See original



  

**2 likes**

December 10, 2023

🙂 Add a comment...                          Post

# EXHIBIT "J"



**tipicolatinolounge** · Follow
Tipico Latino Lounge

...



**tipicolatinolounge** ADVENTURE SATURDAYS


It's always an adventure at @tipicolatinolounge
· free admission until 11PM
· @djmito @djsupermario6 in the mixes
· food
· tomando la temperatura
· masks required

Edited · 165w   See original

95 views
October 24, 2020

Add a comment...

Post





**tipicolatinolounge** · Follow
Tipico Latino Lounge



**tipicolatinolounge** ADVENTURE SATURDAYS
· the entertainer @alexiscruz23985 from 106.7
· @djmito @djsupermario6
· FREE entry until 11PM
· especiales en botellas, hookahs etc... hasta las 11PM

Edited · 165w   See original

93 views
November 21, 2020

Add a comment...                              Post

Tipico Latino Lounge (@tipicolatinolounge) • Instagram photos and videos



**tipicolatinolounge** • Follow
Tipico Latino Lounge

•••

**tipicolatinolounge** JANGUEO FRIDAY
• free admission
• @djmito @deejaykopa
• animation @alexiscruz23985
• $100 bottles of vodka & rum
• bachata, guaracha, cumbia, reggaeton, salsa, dembow...

126w   See original

  

**23 views**
December 10, 2021

   Add a comment...                    Post



   

 

**Tipico Latino Lounge** is at **Tipico Latino Lounge**.

December 10, 2021 · West Palm Beach · 🌐

VIERNES DE JANGUEO
· entrada gratis
· @djmito @deejaykopa 🎵
· animación @alexiscruz23985 🎤
· botellas Vodka & Ron $100 🍾
· bachata, guaracha, cumbia, reggaeton, salsa, dembow...

**See less**

5 👁

👍 Like          💬 Comment          ↗ Share



Comments                                    See all

 Write a comment...

             

https://www.facebook.com/tipicolatino/videos/613775826612820

# EXHIBIT "K"



**tipicolatinolounge** • Follow
Tipico Latino Lounge

· · ·

**tipicolatinolounge** ADVENTURE SATURDAYS
· Straight from Miami @djcxclusive mixing
· @djsupermario6
· música internacional
· bachata, guaracha, punta, reggaeton, salsa, dembow...

Edited · 159w    See original

  

**66 views**
April 24, 2021

 Add a comment...          Post






**Tipico Latino Lounge**
April 24, 2021 ·

SABADOS DE AVENTURA 🍸 🕺
· Directamente desde Miami @djcxclusive
mezclando 🎧
· @djsupermario6 🔥
· música internacional 🎵 🌐
· bachata, guaracha, punta, reggaeton, salsa,
dembow...
**See less**

9 👁

👍 Like        💬 Comment        ↪ Share





**Comments**                                    See all

 Write a comment...

          

# EXHIBIT "B"

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JESSICA BURCIAGA, ANDRA CHERI, BRENDA
GEIGER, JANET GUZMAN, JESSICA HINTON,
TIFFANY KELLER, LUCY PINDER, LINA
POSADA, CLAUDIA SAMPEDRO, SANDRA
VALENCIA, and IRINA VORONINA,

          Case No. 50-2024-CA-004690
          Division: AJ

      PLAINTIFFS,

   vs.

SOUTH FLORIDA SARA CORPORATION
d/b/a TIPICO LATINO LOUNGE,

      DEFENDANT.

_____

## **FINAL JUDGMENT**

This matter is before the Court on Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI,

BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY

PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA

VORONINA's (collectively "Plaintiffs") Complaint against Defendant, SOUTH FLORIDA

SARA CORPORATION d/b/a TIPICO LATINO LOUNGE ("Defendant") for a) violation of Fla.

Stat. Sec. 540.08; b) common law invasion of privacy - misappropriation; c) common law

conversion; and d) common law unjust enrichment.

This matter came before the Court on February 10, 2026, on Plaintiffs' Motion for Entry

of Final Judgment, and the Court being duly advised in the premises and pursuant to the Non-

Binding Arbitration Award entered in this matter on October 17, 2025, to which the Parties did

not request a Trial De Novo, it is hereby

**ORDERED and ADJUDGED** as follows:

Page 1 of 5

1)      This Court has jurisdiction over the subject matter of this action as this is an action for damages and (a) violation of Fla. Stat. § 540.08; (b) common law invasion of privacy-misappropriation; (c) common law conversion; and (d) unjust enrichment.

2)      A judgment is hereby entered against Defendant, SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE and in favor of Plaintiffs, JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA, as follows:

a)      Plaintiff, **JESSICA BURCIAGA**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$40,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

b)      Plaintiff, **ANDRA CHERI**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$200,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

c)      Plaintiff, **BRENDA GEIGER**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$40,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

d)      Plaintiff, **JANET GUZMAN**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$160,000.00**, that

shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

e)  Plaintiff, **JESSICA HINTON**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$60,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

f)  Plaintiff, **TIFFANY KELLER**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$20,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

g)  Plaintiff, **LUCY PINDER**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$60,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

h)  Plaintiff, **LINA POSADA**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$40,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

i)  Plaintiff, **CLAUDIA SAMPEDRO**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$220,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

j)  Plaintiff, **SANDRA VALENCIA**, shall recover from Defendant, **SOUTH**

**FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$40,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

k) Plaintiff, **IRINA VORONINA**, shall recover from Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE**, the sum of **$45,000.00**, that shall bear interest at the rate of 8.65% per year in accordance with Section 55.03, Florida Statutes, for which let execution issue.

l) Plaintiffs shall also recover their taxable costs from Defendant in the amount of **$2,904.39**.

3) Defendant is further ordered to complete the Florida Rules of Civil Procedure Form 1.977 Fact Information Sheet, and all necessary attachments, and return a sworn copy to Plaintiffs' counsel within fort-five (45) days from the date of this Judgment.

4) Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor to complete Form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, and to determine any post-judgment issues, such as writs of garnishment.

5) Counsel for Plaintiffs is hereby ordered to mail copies of this Order to Defendant in this action via the United States Postal Service.

**WHEREFORE**, it is hereby **ORDERED, ADJUDGED, and DECREED** that the Clerk of Court enter final judgment in favor of Plaintiffs, **JESSICA BURCIAGA, ANDRA CHERI, BRENDA GEIGER, JANET GUZMAN, JESSICA HINTON, TIFFANY KELLER, LUCY PINDER, LINA POSADA, CLAUDIA SAMPEDRO, SANDRA VALENCIA, and IRINA VORONINA** and against Defendant, **SOUTH FLORIDA SARA CORPORATION d/b/a**

**TIPICO LATINO LOUNGE** in the total amount of **$927,904.39**, that shall bear interest at the

legal rate established pursuant to Section 55.03, Florida Statutes.

      **IT IS SO ORDERED** in West Palm Beach, Palm Beach County, Florida.



502024CA004690XXXAMB    02/21/2026
Maxine Cheesman
Circuit Judge

cc: Ludmila Khomiak, Esq., THE CASAS LAW FIRM, P.C., 80 S. W. 8th St., Suite 2000, Miami, FL 33130, mila@talentrights.law - *Attorney for Plaintiffs*

SOUTH FLORIDA SARA CORPORATION d/b/a TIPICO LATINO LOUNGE ℅ Margot Garcia, 437 David Road, Palms Springs, FL 33461

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AG"
CASE NO.: 502026CA004522XXXAMB

JESSICA BURCIAGA,
ANDRA CHERI,
BRENDA GEIGER,
et al.,
    Plaintiff/Petitioners
vs.
KINSALE INSURANCE COMPANY,
    Defendant/Respondent.

_____/

## UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
## AND ORDER SETTING TRIAL
(DCMSNT)

**THIS MATTER** is a Circuit Civil case calling for a non-jury trial (or streamlined jury by stipulation or court order). Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **STREAMLINED TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

### I. SCHEDULING

    A. **Calendar Call**

        **YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on July 23, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

        Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at

Page 1 of 11

www.15thcircuit.com/divisions.

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | August 20, 2026; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | September 29, 2026 |
| 5. | Resolution of all motions/ objections directed to the pleadings and pleadings closed | October 19, 2026 |
| 6. | Disclosure of Expert Witness(es) | March 25, 2027 |
| 7. | Disclosure of Rebuttal Experts | April 14, 2027 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | May 4, 2027 |
| 9. | File Witness & Exhibit Lists | May 24, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | May 4, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | May 14, 2027 |
| 12. | File Rebuttal Witness Lists | June 3, 2027 |
| 13. | Completion of All Discovery | June 13, 2027 |
| 14. | Pre-Trial Meet & Confer | June 23, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | June 23, 2027 |
| 16. | Deadline for Mediation | July 13, 2027 |

| 17. | Deposition Designations | July 13, 2027 |
| 18. | File Joint Pre-Trial Stipulation | July 13, 2027 |
| 19. | Deadline to hear ALL Motions | July 18, 2027 |
| 20. | Jury Instructions and Verdict Form | July 20, 2027 |
| 21. | Calendar Call/Trial Ready Date | July 23, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases.**

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

## C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

Case No. 50-2026-CA-004522-XXXA-MB

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel (*pro se*).

## D. Extensions, Modifications and Continuances

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline.** Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, <u>and</u> the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case.** Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

## E. DCM Conferences

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

## II. UNIFORM PRE-TRIAL PROCEDURE

### A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED**

Case No. 50-2026-CA-004522-XXXA-MB

**TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what has and is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. EXHIBITS AND WITNESSES

No later than **sixty (60) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **one-hundred and twenty (120) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

Page **5** of **11**

Case No. 50-2026-CA-004522-XXXA-MB

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred (100) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **twenty (20) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further court order.

E. REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **fifty (50) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F. ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G. DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

Case No. 50-2026-CA-004522-XXXA-MB

## H. DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be completed no later than **eighty (80) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

## I. COUNSEL MEETING AND PRE-TRIAL STIPULATION

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.

Case No. 50-2026-CA-004522-XXXA-MB

6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.

7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. <u>MOTIONS</u>

**Summary Judgment and *Daubert* Motions** must be filed at least **seventy (70) days before Calendar Call.** The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call.**

K. <u>PRE-MARKING EXHIBITS</u>

Prior to trial, each party is to mark for identification all exhibits in accordance with

Case No. 50-2026-CA-004522-XXXA-MB

the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence).

## L. ENLARGED JURY PANELS

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call.** Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

## M. INTERPRETERS

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

## N. JURY INSTRUCTIONS AND VERDICT FORM

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

## O. UNIQUE QUESTIONS OF LAW

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

## III. **MEDIATION**

### A. MEDIATION REQUIRED

1. All parties are required to participate in mediation.
2. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of

Case No. 50-2026-CA-004522-XXXA-MB

issues as to each party.

4. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

5. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

### B. MEDIATION SCHEDULING

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

### C. COMPLETION OF MEDIATION BEFORE CALENDAR CALL

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

### D. OPPOSITION TO MEDIATION

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

## IV. **NON-COMPLIANCE**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2026-CA-004522-XXXA-MB    04/23/2026
Caryn Siperstein   Judge

50-2026-CA-004522-XXXA-MB    04/23/2026
Caryn Siperstein
Judge

Page **10** of **11**

Case No. 50-2026-CA-004522-XXXA-MB

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**